# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30081
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2016

Lyle W. Cayce
Clerk

IVORY LANE SIMON,

Plaintiff-Appellant

v.

TIM MORGAN; BRENDA SMILEY; JAMES M. LEBLANC; ELOISE ANDERSON; DANIEL MARR; DOCTOR K. KUPLESKY; TERRY TERRELL; DOCTOR T. HART; NELDA WILSON; MONA HEYSE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-1882

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ivory Lane Simon, Louisiana prisoner # 505008, appeals from the district court's dismissal of his civil rights case under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In his complaint, Simon alleged that he was placed in lockdown in retaliation for bringing litigation against members of the administration at the Winn Correctional Center; that his property and legal work was confiscated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30081

during a shakedown; and that his complaints and grievances as to the seizure of his property were not addressed. We review the dismissal of his complaint de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Simon has failed to present any factual allegations or legal arguments regarding his claims, explain his allegations against any individual defendant, or identify an error in the district court's conclusion that his complaint should be dismissed. Furthermore, he does not articulate the reason that he deserves relief, cite to legal authority, or set forth any applicable legal standards. *See* FED. R. APP. P. 28(a)(9). While Simon has offered copies of documents that he filed in the district court, he may not incorporate by reference the arguments raised in those pleadings. *See Yohey*, 985 F.2d at 224-25. Accordingly, Simon has forfeited any challenge to the district court's judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.